## Olson et al. v. Goetz et al.

*English, Quinn, Leemhuis & Tayntor,* for plaintiffs.
*Gunnison, Fish, Gifford & Chapin,* for defendants.

ROSSITER, P. J., July 14, 1930.—This is an action by the plaintiffs against the defendants for breach of the condition of a bond filed by Mrs. Blanche Cochran Goetz to well and truly and faithfully in all things execute and perform the duties of the office of notary public according to the several acts of assembly relating thereto.

The defendants filed an affidavit of defense in the nature of a demurrer and for cause of such demurrer say that the statement does not allege any breach of the duties required by the various acts of assembly relating to notaries public; that the statement does not aver a violation of the obligation of the bond given; and that the statement is generally irregular, indefinite and insufficient in law.

The original notaries public act, viz., the Act of March 5, 1791, 3 Sm. Laws, 6, by section four, provides:

"That the said notaries, and every of them, shall have the power to receive the proof or acknowledgment of all instruments of writing relating to commerce or navigation, such as bills of sale, bottomries, mortgages, and hypothecations of ships or vessels, charter parties of affreightment, letters of attor-

ney, and such other writings, as have been usually proved or acknowledged before notaries within this commonwealth, and also to make declarations, and testify the truth thereof under their seals of office, concerning all matters by them done in virtue of their respective offices."

It is also provided by section eight that a notary shall take and subscribe an oath or affirmation "that he shall and will well and faithfully perform the duties of his office, and also that he shall and will support the constitution of this commonwealth; and also shall give bond, himself in a sum not exceeding six hundred pounds, and two sureties in a sum not exceeding three hundred pounds, each, conditioned for the faithful performance of the duties of his office, the amount of the said bonds to be determined on by the governor, which obligation shall be recorded in the rolls-office, or office for recording of deeds, within the respective counties where he may reside, and may be sued by any party or parties injured, in like manner, and with the like effect, as bonds given by sheriffs and coroners for the faithful execution of their respective offices."

By the Act of August 10, 1864, P. L. 962, it is provided by section two "That each notary public, of this commonwealth, shall have power to take depositions and affidavits, to take and receive the acknowledgment, or proof, of all deeds, conveyances, mortgages, or other instruments of writing, touching, or concerning, any lands, tenements, or hereditaments, situate, lying and being, in any part of this state. . . ."

By the Act of March 28, 1803, 4 Sm. Laws, 45, section 4, it is provided: "and whenever the commonwealth, or any individual or individuals shall be aggrieved by the misconduct of any Sheriff or Coroner, it shall and may be lawful, as often as the case may require, to institute actions of debt of scire facias upon such recognizance against such Sheriff or Coroner, and their sureties, their heirs, executors or administrators, or actions of debt upon such obligations against such Sheriff or Coroner and their sureties, their heirs, executors or administrators, and if upon such suits it shall be proved what damage hath been sustained, and a verdict shall be thereupon given, execution shall issue for so much only as shall be found by the said verdict and judgment with costs, which suits may be instituted and the like proceedings be thereupon had, as often as damage shall be so as aforesaid sustained."

The duties of a notary are, therefore, prescribed and the method of recovering damages for a wrongful act of a notary is provided. The question, then, arises: are the allegations in the statement sufficient to charge the notary with a violation of her prescribed duties? We are clearly of the opinion that they are. The allegations in the statement in substance are that the notary took the acknowledgment of two ignorant, illiterate persons to a deed when they thought and she knew and had informed them that they were acknowledging a mortgage; that she appended her official seal and certification that they had acknowledged a deed; and that she, herself, had substituted the deed which she certified had been acknowledged, in place of the morgtage which they thought they were acknowledging. In other words, the notary certified that these people had done just exactly what they had not done and had no intention of doing. If these allegations are true, clearly this was a violation of her official duty, for the notary did not "testify the truth thereof," and, therefore, did not well and truly and faithfully, in all things, execute and perform the duties of her office as notary public, as she certified to the acknowledgment of a paper that never was acknowledged, nor intended to be, and which she knew was not the paper that she pretended it was. If these allegations in the statement are true, and for the purpose of this opinion they are

to be taken as true, the breach of the bond is so palpably plain that it is not necessary to cite any authority to support that contention as she and her bondsman would be not only liable civilly but she would be criminally culpable.

The affidavit of defense in the nature of a demurrer is, therefore, now, July 14, 1930, overruled and the defendant is given fifteen days within which to file an affidavit of defense.

From Otto Herbst, Erie, Pa.